| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------ X<br>EDWARD MELENDEZ,<br><br>                                                   Plaintiff,<br><br>                        -v-<br><br>POP DISPLAYS USA, NARVIN PARSRAM,<br>"TONJI," "MARIAM" a/k/a "HAWA," and<br>"LEBER,"<br><br>                                                  Defendants.<br>------------------------------------------------------------ X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: <u>July 27, 2018</u><br><br><br><br><br>18-cv-2323 (KBF)<br><br>OPINION & ORDER |

KATHERINE B. FORREST, District Judge:

      Plaintiff Edward Melendez ("Melendez" or "plaintiff") originally commenced this <u>pro se</u> action against defendants POP Displays USA ("POP") and Narvin Pasram ("Pasram") (collectively, "defendants")[1] on May 30, 2017 in New York State court. (<u>See</u> ECF No. 1-1.) After plaintiff amended his complaint to include a purported federal defamation claim, defendants removed the action to this Court on March 15, 2018. (<u>See</u> Notice of Removal, ECF No. 1.)

      Currently before the Court is defendants' motion to dismiss the Second Amended Complaint ("SAC").[2] (ECF No. 32.) Plaintiff opposed and sought leave to

---

[1] At various points in this litigation, including in state court, plaintiff has asserted claims against three additional defendants: "Tonji," "Mariam a/k/a Hawa," and "Leber" (collectively, the "Alias Defendants"). Based on plaintiff's allegations, it appears those three persons were his coworkers and/or supervisors at POP. By Order dated March 19, 2018, this Court held that plaintiff had not adequately identified the Alias Defendants in his various filings, and directed him to file an amended complaint not later than April 2, 2018 properly identifying same. (ECF No. 4.) Plaintiff did not submit an amended complaint by that deadline, and therefore the Alias Defendants are <u>not</u> party to this action.

[2] The Second Amended Complaint in this action is plaintiff's "Motion to Amend in Opposition to Defendants Motion to Dismiss" at ECF No. 17. When the Court sought clarification as to whether plaintiff intended to file a separate document as his operative complaint (ECF No. 20), plaintiff responded by re-submitting the document located at ECF No. 17 (ECF No. 21). Although the docket text at ECF No. 21 requests that the Court additionally consider the ""Motion for Opposition" at ECF

file a third amended complaint by submissions dated June 25, 2018 (ECF No. 44) and June 29, 2018 (ECF No. 47). Defendants replied on July 20, 2018.

For the reasons stated below, the Court hereby DENIES plaintiff's request to file a third amended complaint and GRANTS defendants' motion to dismiss at ECF No. 32.

I.    BACKGROUND

The following factual allegations are derived from the complaints[3], and are presumed true for purposes of the pending motion to dismiss.

A.    Underlying Allegations

At all times relevant to this action, plaintiff was employed as a temporary employee by Active Staffing Services ("Active Staffing"), a New York-based temp agency. (See Compl. ¶4, ECF No. 1-1.) From approximately December 2015 until March 24, 2017, plaintiff was assigned to work the "C-Shift" at the POP factory in Yonkers, New York. (Id. ¶¶ 5-6.) Plaintiff alleges that during his time with POP, he displayed "great work ethics" and leadership, and that he was offered "permanent" employment on at least four occasions. (Id. ¶¶ 7-8.)

---

No. 12 as part of the operative complaint, the Court notes that the document at ECF No. 12 is an opposition to an earlier motion to dismiss and does not contain any relevant factual allegations. Accordingly, it is not part of the operative complaint for purposes of the pending motion to dismiss.
[3] The SAC, standing alone, does not contain specific factual allegations. Instead, it recites the causes of action that plaintiff wishes to pursue against each defendant. (See Pl.'s Mot. to Amend in Opp'n to Defs.' Mot. to Dismiss ("SAC"), ECF No. 17.) In considering a motion to dismiss, however, the court may consider "document[s] upon which the complaint solely relies and which [are] integral to the complaint." Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007) (internal quotation and alterations omitted). Based on plaintiff's pro se status and the way the complaints have evolved over time, the Court concludes it is in the interest of justice to consider the factual allegations included in the original state court complaint dated May 30, 2017 (ECF No. 1-1) as well as the first amended complaint dated February 26, 2018 (ECF No. 1-2) for purposes of this Opinion & Order.

2

On March 24, 2017, while working on the "A2 area assembly line," plaintiff was approached by a Senior Line Leader named "Mariam." (Id. ¶ 10.) Plaintiff alleges that Mariam informed him that he was "not working at all," and later "aggressively stated . . . 'you wanna talk shit behind my back, come and meet me outside." (Id.) Plaintiff ignored Mariam's request, and later "asked if she was ok and gave [her] a warm and comforting hug." (Id.)

On March 27, 2017, plaintiff received a call from Active Staffing informing him not to return to work at POP. (Id. ¶ 11.) Active Staffing further informed plaintiff that it had received a memo signed by defendant Pasram, the C-Shift Supervisor, "implying that [he] did not do any work, arguing with line leaders, and that [he] is barred from working at [POP]." (Id.) Plaintiff alleges that since his termination from POP, he has not been assigned to any other job sites and has been unable to produce income for his family. (Id. ¶ 13.)

In his First Amended Complaint, plaintiff included further allegations related to his employment at POP. (See generally Notice of Claim Amended ("FAC"), ECF No. 1-2.) Specifically, plaintiff alleged the following:

- That from October 13, 2016 until October 20, 2016, a POP employee named "Tonji" defamed and sexually harassed him to co-workers, causing him to be hospitalized from an anxiety attack. (Id. ¶ 1.)
- That Mariam made defamatory comments about him to a POP employee named "Leber" on March 25, 2017. (Id. ¶ 2.)

3

- That Leber, who supervises the "Molding Area" at POP, sent two libelous e-mails about him to Active Staffing on or about October 22-23, 2016 and March 24-25, 2016. (Id. ¶ 3.)
- That Pasram failed to adequately investigate the incident between him and Mariam on March 24-25, 2016, since Pasram never approached him for his side of the story. (Id. ¶ 4.)

Plaintiff has subsequently alleged that he "has a disability which is a mental illness called '[d]epression.'" (SAC ¶ at 2.)

B. Causes of Action

Plaintiff filed the SAC, which incorporates the factual allegations contained in the Complaint and FAC, on April 27, 2018. (See SAC, ECF No. 17.) Although the SAC is not a model of clarity, the Court construes it liberally as raising the following causes of action:

- Hostile work environment based on sexual harassment and disability discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL") (id. at 3-4);
- Retaliation for reporting sexual harassment in violation of Title VII and the NYSHRL (id. at 6);
- False statements in violation of 28 U.S.C. § 4101 (id. at 6);
- Cruel and unusual punishment in violation of the 8th Amendment to the United States Constitution (id. at 5);

4

- Deprivation of civil rights in violation of 42 U.S.C. § 1983 (id. at 5.); and

- Common law intentional infliction of emotional distress and "strict liability tort" (id. at 4).

As relief for the alleged violations referenced above, plaintiff seeks $500,000.00 in compensatory damages as well as punitive damages in an amount to be decided by the Court. (Id. at 7.)

### C. The Pending Motion

Defendants moved to dismiss the SAC on May 25, 2018, raising a series of arguments regarding deficiencies in plaintiff's allegations. (ECF No. 32.) Plaintiff responded by two separate submissions dated June 25, 2018 (ECF No. 44) and June 29, 2018 (ECF No. 47). Plaintiff seeks leave to file a third amended complaint, which he asserts will include only state law claims for defamation and hostile work environment. (ECF No. 44 at 2.) In support of his request for leave to amend, plaintiff provided limited factual allegations regarding fourteen incidents that he believes support his state law defamation and hostile work environment claims (id. at 3-5), as well as legal argument in support of those causes of action (ECF No. 47). Defendants replied on July 20, 2018. (ECF No. 49.)

## II. LEGAL PRINCIPLES

### A. Motion to Dismiss Standard

At the motion to dismiss stage, a court must construe the complaint liberally, accepting all factual allegations in the complaint as true and drawing all reasonable

5

inferences in favor of the non-moving party. Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001), as amended (Apr. 20, 2001). A complaint survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint must allege "more than a sheer possibility that a defendant has acted unlawfully" and more than "facts that are merely consistent with a defendant's liability." Id. (internal quotation marks omitted). Application of this standard is "context-specific," and requires the reviewing court to "draw on its judicial experience and common sense." Id. at 679. The Court is not "bound to accept as true a legal conclusion couched as a factual allegation." Id. at 678 (internal quotation omitted).

B. Construction of Pro Se Complaints

It is well-established in this Circuit that "the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotations and alterations omitted); see also Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)) (noting that pro se litigants "generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest

6

arguments that they suggest"). That said, a pro se plaintiff must still, to survive a motion to dismiss, plead enough facts to state a claim to relief that is plausible on its face. See Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011). Even though the Court is "obligated to draw the most favorable inferences" from the Complaint, it "cannot invent factual allegations that [the plaintiff] has not pled." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

    C.    Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that courts should "freely give leave" to amend a complaint "when justice so requires." See Fed. R. Civ. P. 15(a)(2). It is well-established, however, that leave to amend may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." See Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)).

    D.    Supplemental Jurisdiction

Under 28 U.S.C. § 1367(a), "[i]n any civil action of which the [federal] district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims . . . [that] form part of the same case or controversy under Article III of the United States Constitution." However, a district court "may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." See 28 U.S.C.

7

§ 1367(c)(3); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims."); Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well.").

III. DISCUSSION

Having carefully considered the parties' respective submissions, the Court concludes that defendants' motion to dismiss must be granted in full. The Court first discusses plaintiff's request for leave to file a third amended complaint, then proceeds to analysis of the federal, state, and local claims brought in the SAC.

A. Plaintiff's Request for Leave to Amend

In opposition to the pending motion to dismiss, plaintiff has sought leave to file a third amended complaint which will only include state law claims. (ECF Nos. 44, 47.) Although the Federal Rules give courts the power to grant leave to amend "when justice so requires," the Court concludes that it would be against the interest of justice to allow further amendment in this action.

8

Plaintiff has already amended his original state court complaint twice: once prior to removal (which precipitated removal), and once in this Court. Both times, plaintiff's amendments included vague, confusing, and conclusory assertions regarding his alleged mistreatment at POP. In response to plaintiff's various amendments, defendants have now filed <u>three</u> separate motions to dismiss. Although the Court has no reason to believe that plaintiff's conduct is motivated by bad faith, the Court nonetheless concludes that it would be inequitable to force defendants to continue litigating against a moving target of haphazardly drafted complaints.

Plaintiff has thus far been unable to sufficiently cure the deficiencies contained in his complaints, and based on the representations contained in plaintiff's two fillings at ECF Nos. 44 and 47, the Court does not believe that further amendment is likely to assist plaintiff in surviving yet another motion to dismiss. On the other hand, allowing plaintiff to file a third amended complaint, which once again will drastically change the causes of action at issue, would cause substantial prejudice to defendants, who have been entangled in this meritless litigation for more than a year.

Accordingly, and for the reasons stated above, the Court DENIES plaintiff's request for leave to file a third amended complaint as contrary to the interests of justice.

B. <u>Federal Claims</u>

1. Title VII

The SAC includes various allegations of gender and disability discrimination in violation of Title VII. Crucially, however, plaintiff has not alleged or provided any evidence that he filed an EEOC compliant prior to seeking relief in this Court.

It is well-established that "[a]s a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." <u>See</u> <u>Dearvin v. Kerik</u>, 335, F.3d 195, 200 (2d Cir. 2003); <u>see also</u> <u>Francis v. City of New York</u>, 235 F.3d 763, 768 (2d Cir. 2000) (holding that administrative exhaustion is "an essential element of Title VII's statutory scheme") (internal quotation omitted). Although failure to exhaust administrative remedies under Title VII is not a jurisdictional bar, the Second Circuit has held that it is "a precondition to bringing a Title VII claim in federal court" subject to certain equitable defenses. <u>See</u> <u>Francis v. City of New York</u>, 235 F.3d 763, 768 (2d Cir. 2000) (citations omitted); <u>see also</u> <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 386, 393 (1982). The defendant bears the burden of pleading and proving failure of Title VII exhaustion as an affirmative defense. <u>See</u> <u>Hardaway v. Hartford Pub. Works Dep't</u>, 879 F.3d 486, 491 (2d Cir. 2018).

As defendants correctly note, none of the complaints filed in this action mention <u>any</u> complaint having been filed before the EEOC, let alone set forth the scope of the complaint or whether plaintiff received a "right-to-sue" letter. Indeed, defendants assert that no such EEOC charge was ever filed. Accordingly, the Court

10

hereby DISMISSES all of plaintiff's Title VII claims without prejudice for failure to exhaust administrative remedies.[4] See Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc., 560 F.3d 118, 124 (2d Cir. 2009) (holding that "a dismissal for failure to exhaust available administrative remedies should be 'without prejudice' as we have previously ruled." (citing cases)).

2. 28 U.S.C. § 4101

Plaintiff has alleged that defendants made certain defamatory comments in violation of 28 U.S.C. § 4101. (See SAC at 6.) That statute, however, merely defines the term "defamation" as it is used in related provisions concerning the recognition of foreign defamation judgments. There are no foreign defamation judgments at issue in this case. Accordingly, plaintiff has failed to plausibly allege any violation of § 4101 (or any related statute), and that claim must be DISMISSED.

3. 42 U.S.C. § 1983

Plaintiff alleges that defendants deprived him of certain civil rights in violation of 42 U.S.C. § 1983. (See SAC at 5.) It is well-established, however, that a private entity cannot be held liable under § 1983 unless it acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." See 42 U.S.C. § 1983; see also Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970) (holding that this "second element requires that the

---

[4] Even if plaintiff had successfully exhausted his administrative remedies, however, the Court would still dismiss his Title VII claims for failure to state a claim. In this regard, the Court agrees in sum and substance with the arguments made by defendants at ECF Nos. 33 and 49.

11

plaintiff show that the defendant acted under color of law.") (quotation omitted).
Here, there has been no allegation that any of the individual or corporate
defendants, each of which are private entities, were acting under color of law at any
point relevant to this action. Accordingly, plaintiff has failed to state a plausible
claim, and his § 1983 claim must be DISMISSED.

4. The Eighth Amendment

The SAC alleges that defendants' refusal to allow plaintiff to "speak or write
to defend allegations against him" constitutes "cruel and unusual punishment [in]
violation of the 8th Amendment of the United States Bill of Rights." (See SAC at 5.)
To state a constitutional claim under the Eighth Amendment, however, plaintiff
must have been convicted of a crime. See Whitley v. Albers, 475 U.S. 312, 318-19,
(1986) ("The Cruel and Unusual Punishments Clause 'was designed to protect those
convicted of crimes,' and consequently the Clause applies 'only after the state has
complied with the constitutional guarantees traditionally associated with criminal
prosecutions.'" (quoting Ingraham v. Wright, 430 U.S. 651, 664 (1977))). Here,
plaintiff has not been convicted of any crime nor has he alleged any state action
whatsoever. Accordingly, plaintiff's Eighth Amendment claim must also be
DISMISSED.

B. State and Local Claims

By operation of this Opinion & Order, the Court has dismissed all of
plaintiff's federal claims. In light of that, the Court declines to exercise
supplemental jurisdiction over any potential state law claims, including those

12

brought under the NYSHRL and the common law (e.g., intentional infliction of emotional distress and "strict liability tort"). See 28 U.S.C. § 1367(c)(3); Carnegie-Mellon, 484 U.S. at 350 n.7.

IV. CONCLUSION

For the reasons stated above, defendants' motion to dismiss at ECF No. 32 is hereby GRANTED in full.

The Clerk of Court is directed to close all open motions and to terminate this action.

SO ORDERED.

Dated: New York, New York
July 27, 2018

*K. B. Forrest*

KATHERINE B. FORREST
United States District Judge

Cc:
Edward Melendez
2950 Grand Concourse, Apt. 4H
Bronx, New York 10458
PRO SE